

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-13-00569-CR

Kristi Rene **NIX**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 198th Judicial District Court, Kerr County, Texas
Trial Court No. B11614
Honorable M. Rex Emerson, Judge Presiding

Opinion by:    Patricia O. Alvarez, Justice

Sitting:         Sandee Bryan Marion, Chief Justice
                 Marialyn Barnard, Justice
                 Patricia O. Alvarez, Justice

Delivered and Filed:  April 22, 2015

AFFIRMED

Appellant Kristi Rene Nix was indicted for possession of a controlled substance—methamphetamine less than one gram. She pled guilty to the offense but was placed on three years' deferred adjudication probation and ordered to complete outpatient treatment and pay a fine. After Nix twice tested positive for methamphetamines and twice failed to submit samples for urinalysis, the State moved to adjudicate Nix's guilt. After a hearing, the trial court found Nix failed to comply with three conditions of her community supervision including abstaining from using a controlled substance. The trial court adjudicated Nix's guilt, sentenced her to two years'

confinement in the State Jail Division of the Texas Department of Criminal Justice, probated her sentence for two years, and ordered her committed to a Substance Abuse Felony Punishment Facility (SAFPF). Nix timely filed a notice of appeal.

### COURT-APPOINTED APPELLATE COUNSEL'S *ANDERS* BRIEF

Nix's court-appointed appellate attorney filed a brief containing a professional evaluation of the record in accordance with *Anders v. California*, 386 U.S. 738 (1967); counsel also filed a motion to withdraw. In appellate counsel's brief, he recites the relevant facts with citations to the record, analyzes the record with respect to the evidence supporting the conditions the trial court found Nix to have violated, and accompanies the analysis with relevant legal authorities. Counsel concludes the appeal is frivolous and without merit. *See Nichols v. State*, 954 S.W.2d 83, 85 (Tex. App.—San Antonio 1997, no pet.).

We conclude the brief meets the *Anders* requirements. *See Anders*, 386 U.S. at 744; *see also High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978); *Gainous v. State*, 436 S.W.2d 137, 138 (Tex. Crim. App. 1969). Counsel provided Nix with a copy of the brief and counsel's motion to withdraw, and informed Nix of her right to review the record and file a pro se brief. *See Nichols*, 954 S.W.2d at 85–86; *see also Bruns v. State*, 924 S.W.2d 176, 177 n.1 (Tex. App.—San Antonio 1996, no pet.). This court also advised Nix of her right to request a copy of the record and file a brief. *See Kelly v. State*, 436 S.W.3d 313, 319–20 (Tex. Crim. App. 2014).

### APPELLANT'S PRO SE BRIEF

In her pro se brief, Nix argues her prescription medication caused her urinalyses to test positive for methamphetamines. She also argues she had valid reasons for not submitting samples for two random drug tests.

## CONCLUSION

Having reviewing the record, court-appointed counsel's *Anders* brief, and Appellant's pro se brief, we agree with Nix's court-appointed appellate counsel that there are no arguable grounds for appeal and the appeal is wholly frivolous and without merit. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005). We affirm the trial court's judgment and grant appellate counsel's motion to withdraw. *See Nichols*, 954 S.W.2d at 85–86; *Bruns*, 924 S.W.2d at 177 n.1.

No substitute counsel will be appointed. Should Appellant wish to seek further review of this case by the Texas Court of Criminal Appeals, she must either retain an attorney to file a petition for discretionary review or she must file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of either (1) this opinion or (2) the last timely motion for rehearing or motion for en banc reconsideration is overruled by this court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with the clerk of the Texas Court of Criminal Appeals. *Id.* R. 68.3(a). Any petition for discretionary review must comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *Id.* R. 68.4.

Patricia O. Alvarez, Justice

DO NOT PUBLISH